JEREMIAH LINVILLE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—43.]

**Indictment for Forgery.**

> An indictment for forgery is sufficient which charges that the accused signed the name of another to an order for goods without any authority of the person whose name he signed to the order, and presented the order and obtained four dollars' worth of goods with intention to defraud.

APPEAL FROM NICHOLAS CIRCUIT COURT.

June 13, 1885.

OPINION BY JUDGE PRYOR:

The indictment in this case is definite and certain as to the instrument forged and the manner of perpetrating the offense.

It is alleged that the name of S. G. Rogers was signed to the order for the goods on M. Robertson by the accused without any authority from Rogers and was presented by the accused to Robertson and the four dollars' worth of goods obtained with the intention to defraud. Whether Robertson or Rogers was the party intended to be defrauded is immaterial. The allegations of the indictment show that both were defrauded and that such was the purpose of the party convicted of the offense. The nature of the charge and the facts constituting the offense are all set forth with more than certainty and will bar any subsequent prosecution for the same offense. The instructions were neither prejudicial nor erroneous.

The jury was told that if the accused by signing and counterfeiting the name to the order without the authority of Rogers with the intent to defraud they must find him guilty. This is the law of

the case and proof by the defendant that some one else wrote the order was permitted to go to the jury and the whole case heard as to the commission of the offense.

Judgment *affirmed*.

*Thos. Kennedy*, for appellant.

*P. W. Hardin*, for appellee.